MARY DALY, Appellee, v. JAMES DALY, Appellant.

**Marriage and divorce:** ALIMONY. Where a wife has been granted a divorce on the ground of habitual drunkenness and neglect she is entitled to a fair share of the husband's property, not however to an allowance which amounts to a legal forfeiture of his entire estate.

In this action the wife is given one-third of the real estate clear of liens and the husband's two-thirds, charged with the mortgage indebtedness and all other liens chargeable against the property, and taxable costs of the suit.

*Appeal from Polk District Court.*—HONS. HUGH BREN-
NAN and JAMES A. HOWE, Judges.

SATURDAY, JUNE 10, 1911.

THE opinion states the facts.—*Modified* and *affirmed.*

*O. M. Brockett* and *McLaughlin & Shankland,* for
appellant.

*Robert O. Brennan* and *O. S. Franklin,* for appellee.

WEAVER, J.—Under the foregoing title, three sep-
arate appeals have been submitted for our consideration to
be disposed of in a single opinion. The first proceeding
was begun November 9, 1907, by the filing in the district
court of a petition in which plaintiff, Mary Daly, charged
that her husband, James Daly, was an habitual drunkard
and incapable of managing his own affairs, and that he was
the owner of certain real estate in the city of Des Moines.
Upon these allegations, she asked to be appointed guardian
of the property and person of said James Daly. On filing
said petition, the court appointed plaintiff temporary guard-
ian of her husband, who later appeared to the proceedings
and took issue upon the charge made against him. The
action was never brought to trial. On June 2, 1908, plain-
tiff filed a report showing nothing in her hands of the
property of James Daly, and further stating to the court
that she had instituted an action of divorce against the
defendant, and had caused the property of her said husband
and ward to be attached in said proceeding. Thereupon
without notice to the defendant, and without appearance
by him or in his behalf, the court entered an order ap-
proving the report, and finding nothing in plaintiff's hands
belonging to her ward. It also added a finding that the
guardianship should not longer be continued, and ordered

the discharge of the guardian and release of her bond. During the same term of court, defendant appeared by counsel and moved to vacate the order discharging the guardian and approving her report. In support of said motion, it was alleged that the report of plaintiff as guardian was deceptive, in that it described the divorce proceedings as then "pending" on June 2, 1908, when in truth said cause had been tried and determined on May 6, 1908, and a decree granted and signed on May 11, 1908, which decree was withheld from record by the plaintiff until June 3, 1908, which was the day following the filing of her said report as guardian. He further alleges that said trial was had and decree rendered in the divorce case while he was under guardianship without any appearance by him or in his behalf, and without the appointment of a guardian *ad litem,* and that by the terms of said decree he has been stripped of his property and left without means for his support or for the protection of his rights, for which reason he asks that the order discharging the guardian be set aside and the proceeding be reopened, and that he be granted such relief against her as shall be just and equitable. On August 29, 1908, the motion to set aside the order of discharge was overruled. From this ruling the defendant has appealed.

Turning now to the divorce proceedings, it appears the petition was filed February 19, 1908, and was based upon allegations of habitual drunkenness and cruel treatment. It further alleged defendant to be the owner of lot 1, block 35, of Keene and Poindexter's addition to the city of Des Moines, worth $10,000 subject to no incumbrance except a mortgage of $550 and accrued interest, and asked for plaintiff an allowance of alimony in the sum of $5,000 and for writ of attachment without bond. To this petition an answer was filed denying the alleged grounds for divorce. On May 11, 1908, the cause was tried, but no record of the testimony was preserved. A decree was there-

upon entered granting the divorce as prayed, and awarding alimony to the plaintiff as follows: The east half of said lot 1, block 35, in Keene and Poindexter's addition to Des Moines, with the improvements thereon and appurtenances thereto belonging to be the property of plaintiff in her own right without reservation or condition. It was further decreed that, as between said parties, the lien of the existing mortgage upon said property should attach wholly to the west half of said lot, title to which was left in defendant. The plaintiff was also given judgment against defendant in the sum of $3,500 for the care and support of the minor children of said marriage, which sum was decreed to be a lien on defendant's half of said property, and made payable at the rate of $22 per month. These monthly installments were further made a charge upon the net rentals derived from the west half of the lot. It was also further provided and decreed that all the costs of the proceeding, including attorneys' fees, to the amount of $350, were to be charged upon the property of defendant, and he was enjoined from entering upon the property or in any manner interfering with plaintiff's possession or control thereof. From this decree an appeal was duly perfected.

On July 2d, and before the appeal was perfected in said divorce proceedings, defendant appeared therein and filed a motion or petition to vacate the decree and for a new trial, alleging as grounds thereof the fact of his disability as a person under guardianship and that he was not represented or defended by a guardian *ad litem*, and that the allowance made against him for alimony, costs, and attorneys' fees is grossly excessive and inequitable. On the hearing of this application the court permitted the parties to introduce evidence as to the value of the real estate which had been subjected to the allowance of alimony for plaintiff; the average estimate of the witnesses to such value being about $8,000. The plaintiff and defendant

were also examined as to the merits of the case. It appears without dispute that the parties have four children, all of whom reside with plaintiff. The oldest, a daughter of twenty, is self-supporting, being employed at $30 per month. The other children are a daughter of thirteen years, and two sons, one sixteen and the other eleven years of age. The plaintiff herself is employed as janitress of an office building at $30 per month. There are two small houses on the lot in question, in one of which the plaintiff and her children make their home, and the other is leased at from $18 to $20 per month. The intemperate habits of defendant are not denied, and at the time the guardianship proceedings were instituted he was confined in the State Inebriate Hospital at Knoxville, Iowa. All the records, orders, and proceedings made or had in the guardianship and divorce proceedings were also exhibited and introduced in evidence. Upon consideration of this application made for a new trial and the showing made in support thereof, the trial court expressed grave doubt as to the regularity of the proceedings complained of, but reached the conclusion that the decree was not void as having been rendered without jurisdiction, and that no injustice had been done unless it was with reference to the adjustment of property rights, which judgment was subject to review by the Supreme Court upon the appeal already taken therefrom, and for this reason a new trial was refused. From this ruling also an appeal has been taken.

Were the case to be considered solely as involving questions of technical regularity in matters of pleading and practice, it would be by no means easy of solution. But counsel with commendable candor and fairness have manifested a desire that the court concentrate its attention upon the real merits of the case and determine so far as possible the equities of the controversy. For appellee it is said, referring to the divorce and provisions for alimony: "We admit, if this decree upon its face can be said to be

inequitable and oppressive in contemplation of law, it ought to be set aside. But the conclusion to be reached must necessarily be based upon something other than suspicion." We shall therefore not incumber this opinion with the discussion of many minor features of the record, but come at once, as well as we may, to the real proposition here suggested.

The conceded fact that plaintiff had procured herself to be appointed guardian of her husband as one incapable of managing his own affairs, and while that relation existed and while she was in possession of his estate she had sued him for a divorce, and had caused her said ward's property to be attached to satisfy her personal claim for alimony, and in such proceeding and without defense by guardian had taken a decree against him vesting her with the ownership of practically every dollar of his estate, presents a situation calling for close scrutiny. If a decree so procured and so drastic in character is not to be held absolutely void, it is certainly not a violent stretch of the equitable powers of the court to say that upon review by appeal or upon application for a new trial all doubts will be solved in favor of the party over whom such an advantage has been obtained. We do not, however, understand the appellant to contend very strenuously that plaintiff is not entitled to a divorce because of his intemperate habits, but the essence of his complaint is found in the hard conditions which the decree attaches to the separation. In this respect we think his objections are well grounded. The record shows appellant to have been possessed of one item of real estate and little or nothing else save household or kitchen furniture. This property did not represent the earnings of either husband or wife, but had come to the former by recent inheritance. He was a hard drinker, and frequently failed in his duty to provide for his family. Under such circumstances, no right-minded person would criticise a decree of divorce which gave the wife a liberal

share of her husband's estate. On the other hand, notwithstanding his failure of duty toward his family, appellant was not an outlaw, and had not legally forfeited his right to his own property. The court will, of course, compel him to contribute to the wife entitled to a divorce some just proportion of his estate, but we know of no rule of law or equity which will wrest from him his entire fortune for the support of the wife who repudiates him, however justly, and send him forth with empty hands. While from one aspect the decree seems to divide the estate equally between the parties, it heaps upon the share nominally left to the husband burdens in excess of its actual value. The evidence shows that the one-half lot left to the defendant is not worth to exceed $4,000, and this he is to hold charged with the old mortgage lien of about $800, with a judgment in plaintiff's favor for $3,500, with attorneys' fees of $350 and other costs, and this judgment it also provided shall absorb the rentals of his property for a period of thirteen years or more, during which he is enjoined from entering upon the property or disturbing the possession and control thereof by his wife. It is difficult to conceive how a more complete annihilation of defendant's beneficial interest in his entire estate could have been devised, and we are very clear that it ought not to be sustained. It is doubtless true that plaintiff is worthy of high consideration for her industry and the care of her family under adverse conditions; but, when she demands and obtains judicial separation and a dissolution of the marriage, her right to recover a money judgment against her husband is proportioned, not so much to her personal deserts, as to his ability to pay. It is a right to a reasonable share of his estate, and not a right to its entire absorption. In our judgment full equity will be accomplished if plaintiff be given the east one-third of said lot free from the lien of the prior mortgage, and the west two-thirds be left to the defendant, subject to said mortgage and the taxable costs of the di-

vorce proceedings, including an attorney's fee of $175. The burden of satisfying the claims and charges against the estate of James Daly, Sr., so far as they are chargeable upon said real estate, will be borne by defendant. This will eliminate entirely the recovery of $3,500 awarded by the trial court to plaintiff, and reduce the allowance of attorney's fees, which sum we think excessive, by one-half. As thus modified, the decree for divorce will be affirmed and cause remanded for the entry of a supplemental or modified decree by the trial court in harmony with this opinion.

As this conclusion renders of no material import the matters urged upon our attention in the other two appeals, the rulings there presented for our review are affirmed. Costs of this court will be taxed to plaintiff and defendant in equal shares.—*Modified* and *affirmed*.